UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LUCAS COLONDRES,<br><br>　　　　Petitioner,<br><br>　v.<br><br>RON DAVIS,<br><br>　　　　Respondent. | No. 2:16-cv-1101 TLN AC P<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss the petition as untimely. ECF No. 12.

I. <u>Factual and Procedural Background</u>

Petitioner was convicted of attempted first degree murder on March 29, 2013. ECF No. 1 at 6. He filed a petition for review in the California Supreme Court which was denied on November 12, 2014. <u>Id.</u> at 7; ECF No. 12 at 3. He did not petition the United States Supreme Court for certiorari or file any petitions for collateral review in state court. ECF No. 1 at 7. The instant petition was filed on May 19, 2016.[1] ECF No. 1 at 64.

////

---

[1] Since petitioner is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).

1

II.     Motion to Dismiss

Respondent moves to dismiss the petition as untimely. ECF No. 12. He argues that petitioner had until February 10, 2016, to file a petition in federal court and that petitioner is not entitled to any statutory tolling because he did not file any state habeas petitions. Id. Since the federal petition was not filed until May 19, 2016, it was untimely and is therefore barred.

Petitioner opposes the motion, largely arguing the merits of his case. ECF No. 13. However, petitioner also states that he already set forth the reasons for his untimeliness in his petition and that the untimeliness should be excused. Id. at 1. In the petition, petitioner clearly asserts that he is entitled to equitable tolling, though he does not use that term. ECF No. 1 at 12-13. Specifically, he argues that his late filing should be excused because counsel told him it would take approximately eighteen months for his criminal appeal to be resolved and then failed to notify him when the California Supreme Court denied his petition for review on direct appeal. Id. Petitioner states that he did not discover that his petition for review had been denied until after the one-year statute of limitations had expired, at which point he attempted to determine why he had not been notified of the court's decision and filed the instant petition. Id. at 2.

In reply to the opposition, respondent rested on his motion to dismiss. ECF No. 14.

III.    Statute of Limitations

A. Commencement of the Limitations Period

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. This statute of limitations applies to habeas petitions filed after April 24, 1996, when the Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect. Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). The one-year clock commences from one of several alternative triggering dates. 28 U.S.C. § 2244(d)(1). In this case, the applicable date is that "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this case the California Supreme Court denied direct review of petitioner's conviction on November 12, 2014. ECF No. 1 at 7; ECF No. 12 at 3. The record shows petitioner did not submit a petition for writ of certiorari to the Supreme Court of the United States. ECF No. 1 at 7.

Accordingly, his conviction became final at the expiration of the ninety-day period to seek certiorari immediately following the decision of the state's highest court. Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The conviction thus became final on February 10, 2015, and ADEPA's one-year clock began to run on February 11, 2015. Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (the day order or judgment becomes final is excluded and time begins to run the day after the judgment becomes final (citing Fed. R. Civ. P. 6(a))). Absent tolling, petitioner had until February 10, 2016, to file a federal habeas corpus petition.

B. Statutory and Equitable Tolling

The limitations period may be statutorily tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An otherwise untimely habeas corpus petition may also be found timely if the petitioner is entitled to equitable tolling. Holland v. Florida, 560 U.S. 631, 645, 649 (2010).

Petitioner submitted the instant petition on May 19, 2016, ninety-nine days after the statute of limitations expired. Since petitioner did not file any state collateral actions, he is not entitled to statutory tolling. Accordingly, the federal petition is untimely unless petitioner is entitled to equitable tolling. Since respondent has not challenged petitioner's claim that he is entitled to equitable tolling, the court will deem petitioner's version of the facts unopposed. However, petitioner still bears the burden of demonstrating that equitable tolling is warranted. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (citation omitted).

Petitioner is only entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). In this case, petitioner has failed to demonstrate that the necessary extraordinary circumstances existed or that he was diligent in pursuing his rights.

Petitioner asserts that he was represented by counsel on his petition for review, that counsel advised him it could take up to eighteen months to get a decision from the California Supreme Court, and that counsel failed to notify him when his petition for review was denied,

causing him to miss the deadline to file a federal petition. ECF No. 1 at 12-13. In support of these claims, petitioner has submitted documents which indicate that counsel filed his petition for review and that the California Supreme Court listed petitioner as being represented by counsel. ECF No. 6 at 5-7. However, he has also submitted a letter from counsel dated October 6, 2014, which clearly states that although counsel submitted the petition for him, petitioner was proceeding in pro per, that notices from the court would most likely be sent directly to petitioner, and that petitioner must keep the court up-to-date on his address. Id. at 7. Counsel further advised that the California Supreme Court often used all of the sixty days it was permitted to make a decision, often gave itself an extension of time, and that he would likely not have a response to his petition until sometime in December. Id. Petitioner offers no explanation for why he failed to contact either the court or counsel when he did not receive any notification regarding the status of his petition in December.

Counsel's October 6, 2014 letter put petitioner on notice that counsel was not responsible for informing him of the California Supreme Court's ruling on his petition. Accordingly, petitioner's reliance on counsel to inform him of the denial was not reasonable, and counsel's failure to do so cannot be construed as an extraordinary circumstance that prevented petitioner from timely filing a federal habeas petition. Nor was petitioner reasonably diligent in pursuing his rights when he failed to follow up on the status of his case after December 2014. For these reasons, petitioner has not shown that he is entitled to equitable tolling.

Moreover, as a matter of law, attorney negligence does not constitute an extraordinary circumstance sufficient to warrant equitable tolling. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001), cert. denied, 535 U.S. 1055 (2002). Even if appellate counsel had breached a duty to petitioner in this case, which he did not, equitable tolling therefore would not be appropriate here. Only the most egregious attorney misconduct can support equitable tolling. See Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) (equitable tolling warranted when lawyer hired to prepare federal habeas petition did not act, did not respond to inquiries, and did not return legal materials until limitations period had run); United States v. Martin, 408 F.3d 1089, 1095-96 (8th Cir. 2005) (equitable tolling warranted where attorney lied about existence of a statute of

4

limitations and the status of the case, refused to communicate with petitioner or his family, did not file any documents on petitioner's behalf, and failed to return any documents despite repeated requests and later demands).

### C. Conclusion

Because petitioner is not entitled to statutory or equitable tolling, his petition was untimely filed and it will be recommended that the motion to dismiss be granted.

## IV. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is dismissed on procedural grounds, as is being recommended in this case, a certificate of appealability "should issue when the prisoner shows, at least, [(1)] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [(2)] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This court finds that no jurist of reason would find it debatable that the petition is barred by the statute of limitations and a certificate of appealability should not issue.

## V. Plain Language Summary of this Order for a Pro Se Litigant

The petition should be denied because it was filed too late. You do not get statutory tolling because you did not file any state habeas petitions. You are not entitled to equitable tolling even though you claim that your attorney did not notify you that your petition for review was denied. The letter you provided shows that your attorney explained that he was no longer representing you and that you would probably get a decision sometime in December. Because you were in pro per, it was your job and not your former attorney's to inquire with the California Supreme Court about the status of your case.

////

////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 12) be granted and petitioner's application for a writ of habeas corpus (ECF No. 1) be denied as untimely.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. **Due to exigencies in the court's calendar, no extensions of time will be granted.**[2] The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 22, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner is informed that in order to obtain the district judge's independent review and preserve issues for appeal, he need only identify the findings and recommendations to which he objects. There is no need to reproduce his arguments on the issues.